IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 13-12034

_____

D.C. Docket No. 3:09-cv-00074-WSD

FREDERICK R. WHATLEY,

Petitioner-Appellee
Cross Appellant,

versus

WARDEN, GEORGIA DIAGNOSTIC
AND CLASSIFICATION CENTER,

Respondent-Appellant
Cross Appellee.

_____

Appeals from the United States District
Court for the Northern District of Georgia

_____

Before ED CARNES, Chief Judge, WILSON, WILLIAM PRYOR, MARTIN, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, and LAGOA, Circuit Judges.

BY THE COURT:

A petition for rehearing having been filed and a member of this Court in active service having requested a poll on whether this case should be reheard by the Court sitting en banc, and a majority of the judges in active service on this

Court having voted against granting a rehearing en banc, it is ORDERED that this case will not be reheard en banc.

MARTIN, Circuit Judge, dissenting from the denial of rehearing en banc:

Frederick R. Whatley is a prisoner on death row in Georgia. A panel of the court denied his federal habeas petition. Whatley v. Warden, 927 F.3d 1150 (11th Cir. 2019). I asked the full court to rehear Mr. Whatley's case en banc, because I believe the panel opinion applied the wrong legal standard in deciding whether, under 28 U.S.C. § 2254(d),[1] to defer to the Georgia Supreme Court's denial of Mr. Whatley's claim that his counsel was ineffective during the penalty phase of his trial. This court is bound by the rule pronounced by the Supreme Court in Wilson v. Sellers, 584 U.S. ___, 138 S. Ct. 1188 (2018), as well as our own precedent in Meders v. Warden, 911 F.3d 1335 (11th Cir. 2019). This precedent requires our court to review "the specific reasons given by the state court" for denying the petitioner's claim "and defer[] to those reasons if they are reasonable." Wilson, 138 S. Ct. at 1192; see also Meders, 911 F.3d at 1349. The panel's analysis in Whatley conflicts with this precedent by suggesting that federal courts may look beyond the reasons a state court gives for denying habeas relief. See 927 F.3d at 1182. I believe this court should hear this case en banc, in order to fix the panel's departure from established law, and make clear the standard for assessing the reasonableness of a state court's rationale, which limits us to the specific reasons

---

[1] This statute is a part of the Antiterrorism and Effective Death Penalty Act of 1996. I refer to it as AEDPA.

given by the court.  I dissent from the court's decision to let the Whatley panel

opinion stand.

> Whatley begins by correctly articulating the § 2254(d) analysis:

> When a district court reviews a state court's decision under AEDPA, it must first consider the claim as it was presented to the state court.  Next, it considers the state court's decision.  If the state court applied the correct Supreme Court precedent . . . the district court decides whether the state court applied the Supreme Court precedent unreasonably.  The district court also considers whether the state court's decision was based on an unreasonable determination of the facts.

Whatley, 927 F.3d at 1181 (citations omitted).  However, at three points in its

analysis, the Whatley opinion suggests that the actual reasons a state court

gives for denying habeas relief play a minimal role in the federal habeas

court's decision to defer to the state court's ruling.  First, Whatley says "under

[§ 2254(d)], we're most concerned with the reviewing [state] court's ultimate

conclusion, not the quality of its written opinion."  Id. at 1177 (quotation

marks omitted).  It continues by saying "our review is not limited to the

reasons the [state] Court gave in its analysis."  Id. at 1178.  Third, it says "we

are not limited to the reasons the [state] Court gave and instead focus on its

ultimate conclusion."  Id. at 1182 (quotation marks omitted).  The Whatley

opinion concludes its recitation of the legal standard by saying this Court

"must 'determine what arguments or theories could have supported the state

court's decision.'"  Id. (first emphasis added and alteration adopted) (quoting Harrington v. Richter, 562 U.S. 86, 102, 131 S. Ct. 770, 786 (2011)).

These statements conflict with precedent that binds federal judges in deciding the extent to which we defer to a state court's decision during our review of those decisions on federal habeas review.  See 28 U.S.C. § 2254(d).  The Supreme Court set the rule that must govern our § 2254(d) deference analysis in Wilson v. Sellers, 138 S. Ct. 1188, and this Court applied that rule in Meders v. Warden, 911 F.3d 1335.  Neither Wilson nor Meders is cited anywhere in the Whatley opinion.

Section 2254(d) bars federal courts from issuing a writ of habeas corpus to a state prisoner on any claim adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Section 2254(d) sets a high (although not insurmountable) bar.  Williams v. Taylor, 529 U.S. 362, 402–13, 120 S. Ct. 1495, 1518–23 (2000).  Where the last state court to address the prisoner's claims issued a reasoned decision, the Supreme Court tells us that the deference analysis is a "straightforward inquiry."  Wilson, 138 S. Ct. at 1192.  We are to "simply review[] the specific reasons given by the state court and

defer[] to those reasons if they are reasonable." Id. "Deciding whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why the state courts rejected a state prisoner's federal claims." Id. at 1191–92 (quotation marks omitted).

The deference analysis set forth in Whatley cannot be squared with the Supreme Court's rule stated in Wilson. Indeed, Whatley makes no effort to square them. Yet, Wilson made clear that it is not proper for federal judges to try and come up with any rationale that could have supported the state court's decision. Instead, we must defer to the specific reasons given by the state court, so we must, in turn, focus on the particular reasons the state court gave.

I recognize that Wilson was decided in a different procedural posture than that presented by Mr. Whatley's case.[2] But that does not change Wilson's mandate that our court's decision about whether to give AEPDA deference to a state court

---

[2] Wilson held that federal courts "should 'look through' [an] unexplained [state court] decision to the last related state-court decision that does provide a relevant rationale" and then "presume that the unexplained decision adopted the same reasoning." 138 S. Ct. at 1192. Federal courts must decide whether to defer based on the reasons given by the last state court to issue a reasoned decision. Id. at 1195–96. Here, the last state court to address Mr. Whatley's claims was the Georgia Supreme Court, so there is no need to rely on Wilson's "look through" presumption. See generally Whatley v. Terry, 668 S.E.2d 651 (Ga. 2008).

ruling must be based on the reasons the state court gave, as opposed to whatever reason a federal court can come up with.

The Whatley opinion also ignores this Court's precedent that reinforces the Wilson analysis. Since Wilson, this court has consistently looked to the specific reasons the last reasoned state-court decision gave and examined whether those reasons merit AEDPA deference. See, e.g., Meders, 911 F.3d at 1349 ("Deciding whether a state court's decision involved an unreasonable application of federal law requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision." (citation omitted and alteration adopted)); see also Hawthorne v. Sec'y, Dep't of Corr., 786 F. App'x 896, 899 (11th Cir. 2019) (per curiam) (unpublished) ("Wilson informs our analysis."); Junes v. Fla. Dep't of Corr., 778 F. App'x 639, 641 (11th Cir. 2019) (per curiam) (unpublished) ("The district court must consider the particular factual and legal reasons that the state court rejected the prisoner's federal claims."); Johnson v. Sec'y, Dep't of Corr., 737 F. App'x 438, 441 (11th Cir. 2018) (per curiam) (unpublished) (explaining standard set forth in Wilson v. Sellers). Our prior precedent rule required the Whatley panel to follow Meders. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled

or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."). But it did not.

I agree with the Whatley opinion when it says the Georgia Supreme Court did not have to walk through every step of a "hypothetical retrial" of Mr. Whatley's penalty phase. Whatley, 927 F.3d at 1182. It is not my purpose to suggest the Georgia court must take this walk. I know that Wilson does not mean that federal judges must (or even may) "flyspeck" the state court decision. Meders, 911 F.3d at 1349. But it does mean that "we are to focus not merely on the bottom line ruling of the decision but on the reasons, if any, given for it." Id. The Whatley majority said it was not required to do as Meders instructs. Thus, it promotes an incorrect statement of law.

The Whatley majority looks mainly to Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770 (2011), and Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011). See 927 F.3d at 1182. But Richter never advocates that federal judges look only to the state court's resolution of the case, as opposed to its reasoning. In Richter, the Supreme Court held that AEDPA deference applies even when the state court gives no reasons for its decision. 562 U.S. at 98, 131 S. Ct. at 784 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."). Nevertheless, Richter does not tell us to look beyond the

reasons the state court actually gave.  Nor does it license federal judges to invent any reason that could support the state court's resolution of the case.  Rather, it established a presumption that a state court adjudicated a claim on the merits when it gives no other reason for its decision.  Id. at 98–99, 131 S. Ct. at 784–85. Richter recognized that this "presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  Id. at 99–100, 131 S. Ct. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991)).  In Wilson, the Court reiterated that this presumption is overcome where an earlier state court decision sets forth reasons.  138 S. Ct. at 1195–96.  Wilson told us we must presume the unexplained state court decision relied on the same rationale as the last reasoned opinion, absent some reason to think otherwise.  Id.  And it told us to look to the reasons the state court gave, not those we think up ourselves.  Id.  Finally, if it is true that Gill reads Richter as requiring us to focus on the state court's conclusion to the exclusion of its rationale, see Gill, 633 F.3d at 1290–91, then Gill has been "undermined to the point of abrogation by the Supreme Court," because of the Wilson decision.  See Archer, 531 F.3d at 1352.

I dissent from the denial of rehearing en banc because as written, Whatley contains an incorrect statement of law.  I believe the Whatley opinion requires our en banc court to make clear that this court's evaluation of the reasonableness of the

Georgia Supreme Court's rationale in denying Mr. Whatley relief must be limited to the specific reasons that court gave, and that it is improper for our court to supply its own.  I dissent from the court's vote declining to rehear Mr. Whatley's case.